Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**
CAUSE NUMBER _____

| | | |
|---|---|---|
| JAIME SMITH | § | IN THE COUNTY COURT |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | AT LAW NO. _____ |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JAIME SMITH (hereinafter referred to as ("PLAINTIFF"), and file his Original Petition against DEFENDANT, ALLSTATE TEXAS LLOYDS for cause of action would respectfully show the Court the following:

### I. Discovery

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFF seeks damages of monetary relief of $100,000 or less. Specifically, PLAINTIFF seeks damages of monetary relief of no more than $75,000.00. PLANTIFF intends to conduct discovery pursuant to a Level 2 Discovery Control Plan.

### II. Service of Process

ALLSTATE TEXAS LLOYDS, may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service at: CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, TX 75201.

ALLSTATE TEXAS LLOYDS is in the business of insurance in the State of Texas. The insurance business done by ALLSTATE TEXAS LLOYDS in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFF;

1

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

2. The taking or receiving of application for insurance, including the PLAINTIFF'S application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF;

5. The adjusting and inspection of PLAINTFF'S insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions;

### III. Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; PLAINTIFF'S losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in HIDALGO County, Texas.

### IV. Facts

ALLSTATE TEXAS LLOYDS and/or its agents committed the actions alleged against PLAINTIFF in this petition. PLAINTIFF JAIME SMITH owns the property located at: 13706 North Rooth Road, Edinburg, Texas 78541 with Policy# 938733083; Claim# 0552734568. ALLSTATE TEXAS LLOYDS provided coverage to the

2

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

PLAINTIFF for such building, personal property, and other matter. During the term of said policy, PLAINTIFF sustained covered losses in the form of a windstorm event on or about June 24, 2019 in HIDALGO County, and water damages resulting there from, including damage to the architectural finishes of the property.

Furthermore, ALLSTATE TEXAS LLOYDS and/or its agents have also committed the actions alleged against PLAINTIFF'S in this petition regarding a previous claim for the same property, Policy # 938733083; Claim# 0552734824 FP7. ALLSTATE TEXAS LLOYDS provided the same coverage to the PLAINTIFF for such building, personal property, and other matter. During the term of said policy, PLAINTIFF sustained covered losses in the form of air conditioning unit damage on or about July 9, 2019 in HIDALGO County.

PLAINTIFF promptly reported losses to ALLSTATE TEXAS LLOYDS pursuant to the terms of the insurance policy. As a result, PLAINTIFF'S property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFF'S insurance policy with ALLSTATE TEXAS LLOYDS. PLAINTIFF have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of ALLSTATE TEXAS LLOYDS'S conduct.

V.    Conditions Precedent

All conditions precedent have been waived by the insurance company, have been performed by PLAINTIFF'S, or have otherwise been satisfied. Despite these facts, ALLSTATE TEXAS LLOYDS has failed and refused to pay PLAINTIFF'S a just amount in accordance with their contractual obligations, agreements, and representations. Moreover,

3

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

Defendant's claims that PLAINTIFF'S did not comply with the contract are barred by waiver, based on Defendant's breach and noncompliance with the material terms of the insurance contract. Generally, when one party to contract commits material breach, the other party is discharged or excused from further performance. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co. Inc.*, 134 S.W.3d 195, 196 (Tex. 2004).

## VI. Breach of Contract

PLAINTIFF purchased an insurance policy with ALLSTATE TEXAS LLOYDS. PLAINTIFF'S property was damaged by the tile, windstorm and water damage, of which are covered under the insurance policies. ALLSTATE TEXAS LLOYDS has denied and/or delayed payment of PLAINTIFF'S covered claims. ALLSTATE TEXAS LLOYDS has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. ALLSTATE TEXAS LLOYDS knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of ALLSTATE TEXAS LLOYDS was irresponsible, and unconscionable. ALLSTATE TEXAS LLOYDS took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. ALLSTATE TEXAS LLOYDS has, by its conduct, breached its contract with the PLAINTIFF. The conduct of ALLSTATE TEXAS LLOYDS has proximately caused the injuries and damages to the PLAINTIFF.

VII.    Second Cause of Action: DTPA Violations

PLAINTIFF are a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, ALLSTATE TEXAS LLOYDS has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF'S damages:

4

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

(a) ALLSTATE TEXAS LLOYDS made false representations about PLAINTIFF'S rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b) ALLSTATE TEXAS LLOYDS'S actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c) ALLSTATE TEXAS LLOYDS failed to disclose information to the PLAINTIFF concerning the nature and extent of their insurance policy which was known by ALLSTATE TEXAS LLOYDS at the time for the purpose of inducing PLAINTIFF into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d) As described above, ALLSTATE TEXAS LLOYDS violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

ALLSTATE TEXAS LLOYDS took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFF'S property. ALLSTATE TEXAS LLOYDS conduct as described herein was a producing cause of damages to PLAINTIFF for which the PLAINTIFF sues. The conduct of the ALLSTATE TEXAS LLOYDS was more than just a mistake, and was done "knowingly" and/or "intentionally" as that term is derived by statute. Because of that, ALLSTATE TEXAS LLOYDS may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

## VIII.   Unfair Insurance Practices

ALLSTATE TEXAS LLOYDS failed to inform the PLAINTIFF of material facts such as the true scope of damage and cost to repair. ALLSTATE TEXAS LLOYDS failed to properly process claims and have misrepresented material facts to the PLAINTIFF. ALLSTATE TEXAS LLOYDS has failed to address all damage to the property and its contents causing further damage to the PLAINTIFF. Further, ALLSTATE TEXAS LLOYDS has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF; and has intentionally ignored damages to the dwelling. PLAINTIFF'S property suffered from covered losses and damages of which ALLSTATE TEXAS LLOYDS is fully aware. ALLSTATE TEXAS LLOYDS has concealed damage known by it to exist.   ALLSTATE TEXAS LLOYDS has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF'S plea for help. ALLSTATE TEXAS LLOYDS has failed to warn PLAINTIFF of consequential damage to their property.

By its conduct outlined above, ALLSTATE TEXAS LLOYDS committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. ALLSTATE TEXAS LLOYDS committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)   ALLSTATE TEXAS LLOYDS failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF'S claims once liability became

6

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)     ALLSTATE TEXAS LLOYDS failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)     ALLSTATE TEXAS LLOYDS refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)     ALLSTATE TEXAS LLOYDS breached its duty of good faith and fair dealing at common law;

(5)     ALLSTATE TEXAS LLOYDS failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(6)     ALLSTATE TEXAS LLOYDS compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(7)     ALLSTATE TEXAS LLOYDS violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(8)     ALLSTATE TEXAS LLOYDS committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

7

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

(a) ALLSTATE TEXAS LLOYDS made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

   (i) the terms of the policy; and/or

   (ii) the benefits or advantages promised by the policy.

(b) ALLSTATE TEXAS LLOYDS made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(c) ALLSTATE TEXAS LLOYDS failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d) ALLSTATE TEXAS LLOYDS made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e) Refusing, a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11);

ALLSTATE TEXAS LLOYDS'S conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues.

IX. Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFF'S claims were presented to ALLSTATE TEXAS LLOYDS, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or

8

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

delay payment for PLAINTIFF'S claims, ALLSTATE TEXAS LLOYDS refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, ALLSTATE TEXAS LLOYDS knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. ALLSTATE TEXAS LLOYDS failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFF'S claims in good faith, an affirmative duty placed on ALLSTATE TEXAS LLOYDS, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, ALLSTATE TEXAS LLOYDS breached its duty to deal fairly and in good faith with the PLAINTIFF. ALLSTATE TEXAS LLOYDS'S breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which they sue.

      X.    Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of their claims to ALLSTATE TEXAS LLOYDS. ALLSTATE TEXAS LLOYDS has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFF'S claim. ALLSTATE TEXAS LLOYDS'S reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. ALLSTATE TEXAS LLOYDS'S investigation and use of adjusters' reports was an "outcome oriented investigation." ALLSTATE TEXAS LLOYDS failed to comply with the requirements of Chapter 542 listed herein:

9

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

(a)     Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(b)     Failing to request all of the items, statements and forms the ALLSTATE TEXAS LLOYDS reasonably believed at the time would be required from PLAINTIFF' to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF are entitled to recover from ALLSTATE TEXAS LLOYDS the statutory penalty of 5% plus the interest rate determined under Section 304.003, Finance Code, on all amounts due on PLAINTIFF'S claims, together with attorney's fees, for which they sue.

XI.

PLAINTIFF'S allege that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF have substantially complied and/or is excused. In the alternative, PLAINTIFF make the allegation of waiver and/or estoppel as to every defense or exclusion plead by ALLSTATE TEXAS LLOYDS as to any exclusion, condition, or defense pled by ALLSTATE TEXAS LLOYDS, PLAINTIFF would show that:

1.  The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

2. Any other construction and its use by ALLSTATE TEXAS LLOYDS violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with ALLSTATE TEXAS LLOYDS. In this regard, PLAINTIFF would show that their insurance policies were renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by the PLAINTIFF. In the alternative, ALLSTATE TEXAS LLOYDS is judicially, administratively, or equitably estopped from denying PLAINTIFF'S construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

### XII. Exemplary Damages

11

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

PLAINTIFF would further show that the acts and omissions of Defendant and its agents, adjusters, employees and/or representatives complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of PLAINTIFF. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, PLAINTIFF request exemplary damages pursuant to 17.50(b)(1) of the Texas Business and Commerce Code and § 541.152(b) of the Tex. Ins. Code.

## XIII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show herself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the ALLSTATE TEXAS LLOYDS for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdicted limits of the court.

## XIV.    Jury Demand

PLAINTIFF requests this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

## XV.    Requests for Disclosure

12

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

Under Texas Rule of Civil Procedure 194, PLAINTIFF requests that ALLSTATE

TEXAS LLOYDS disclose, within 50 days of the service of this request, the information

or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

**OMAR OCHOA LAW FIRM**
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266

*/s/ Omar Ochoa*
**OMAR OCHOA**
State Bar No. 24079813
oochoa@omarochoalaw.com

***ATTORNEY FOR PLAINTIFF***

13

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

## CL-20-0713-B

### Instructions and Definitions

1.   "You" or "Your" means the party responding to requests.

2.   "The Policy" means the insurance policy that is the basis of claims made against ALLSTATE TEXAS LLOYDS in this lawsuit.

3.   "Insured Location" means the real property at the location described in the Policy declarations.

4.   "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5.   "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6.   "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7.   "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against ALLSTATE TEXAS LLOYDS in this lawsuit.

8.   "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9.   "The Claim" means the insurance claim made the basis of the breach of contract claim against ALLSTATE TEXAS LLOYDS in this lawsuit.

10.   "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11.   "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12.   "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other

14

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

## INTERROGATORIES

1. Please identify any person you expect to call to testify the time of trail.

   **ANSWER:**

2. Identify the persons involved in the investigation and handing of Plaintiff's claim for insurance benefits arising from damage during and include a brief description of the involvement of each person identified, their employer, and date(s) of such involvement.

   **ANSWER:**

3. If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

   **ANSWER:**

4. Identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of your investigation.

   **ANSWER:**

5. State the following concerning notice of claim and timing of payment:

   a. The date and manner in which you received notice of the claim
   b. The date and manner in which you acknowledged receipt of the claim
   c. The date and manner in which you commenced investigation of the claim
   d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
   e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

   **ANSWER:**

6. Identify by date, amount and reason, the insurance proceed payments made by you to the PLAINTIFF.

   **ANSWER:**

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

**ANSWER:**

8. Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims.

   **ANSWER:**

9. When was the date you anticipated litigation?

   **ANSWER:**

10. From November 1, 2010 to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for windstorm insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

   **ANSWER:**

11. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

   **ANSWER:**

12. Do you contend that the insured premises was damaged by flood water, storm surge and/ or any excluded peril? If so, state the general factual bases for this contention.

   **ANSWER:**

13. Do you contend that any act or omission by PLAINTIFF voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

   **ANSWER:**

14. Do you contend that the PLAINTIFF failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual bases for this contention.

   **ANSWER:**

15. How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following:

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

a.  what performance measures are used
b.  describe your bonus or incentive plan for adjusters
c.  have any listed in response to requests for production had a criminal record/record of complaint with the Texas Department of Insurance, performed a violation of company claim handling procedures

**ANSWER:**

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

## DEFINITIONS

In the event you object to any of the items requested, you are instructed to furnish all other documents to which no objection is made. Also note that Rule 196.3(c) provides that a party shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this request.

Please be advised that the undersigned intends to use the documents you produce in response to this request for production in any hearing or trial of this lawsuit. TEX. R. CIV. P. 193.7.

1. "You" or "Your" means the party responding to requests.

2. "The Policy" means the insurance policy that is the basis of claims made against ALLSTATE TEXAS LLOYDS in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5. "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against ALLSTATE TEXAS LLOYDS in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim against ALLSTATE TEXAS LLOYDS in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

19

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

20

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.   The claim and underwriting files from the home, regional, local offices, and third party adjusters/ adjusting firms regarding the claim that is the subject of this matter, including copies of the policy, file jackets, "field" files and notes, and drafts of documents contained in the file.

     RESPONSE:

2.   The electronic diary, including the electronic and paper notes made by ALLSTATE TEXAS LLOYDS's claims personnel, contractors, and third party adjusters/ adjusting firms relating to Plaintiff's claims.

     RESPONSE:

3.   Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of storm claims and complaints made by policy holders in Texas from July 1, 2010 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with the respect to this claim.

     RESPONSE:

4.   The Operation Guides which relate to the handling of claims in Texas in effect from July 1, 2010 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

     RESPONSE:

5.   The adjusting and engineering reports, notes, correspondence, estimates, appraisals, photographs and/or recordings prepared concerning Plaintiff's underlying claims.

     RESPONSE:

6.   If you dispute the cause of the loss produce the engineering reports in your possession regarding damage to property within a one-mile radius of the Plaintiff's insured property.

     RESPONSE:

7.   The price guidelines that pertain to the handling of claims arising out of storm damage. In the event you utilize published guidelines or "off the shelf" software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

RESPONSE:

8.      The Plaintiff's file from the office of their insurance agent.

RESPONSE:

9.      The information regarding weather and storm surge conditions on which you relied in making decisions on the Plaintiff's claims.

RESPONSE:

10.     The documents, manuals, and training materials, including audio/ or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Texas and in effect from

RESPONSE:

11.     "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses, third party payments and billing statements.

RESPONSE:

12.     The documents reflecting reserves applied to the subject claim.

RESPONSE:

13.     For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain in disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

· 14.    The managerial and adjuster bonus or incentive plan for managers responsible for storm claims in effect for the time period January 1, 2010 to date.

RESPONSE:

15.     If a third party engineer evaluated the subject property, provide the correspondence between ALLSTATE TEXAS LLOYDS insurer and third party adjuster and documents that show the number of other matters in which the same engineers were retained by you to evaluate others properties over the past five years.

RESPONSE:

16.     Copies of any and all documents that you contend support any affirmative defense, which you allege applies to this action.

22

Electronically Submitted
2/13/2020 10:40 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-20-0713-B**

RESPONSE:

23